## Madera v. Monongahela Railway Co. et al.

*Eugene C. Sloan, James H. Gray,* and *James D. Gray,* for plaintiff.

*A. M. Donnan, Dean D. Sturgis, Shelby, Ray & Coldren,* and *Milholland, Robie & McEwen,* for defendants.

CARR, J., November 29, 1944.—This is a bill of complaint brought by an employe of a railway company for the restoration of seniority rights, and damages for the violation thereof. Defendants are the railway company, a labor union recognized as the collective bargaining agent of the group of employes to which plaintiff belongs, and a former officer of the union who is alleged to have acted fraudulently and without authority as the representative of the union membership to invalidate the terms of plaintiff's individual contract of employment. An answer has been filed raising preliminary objections that plaintiff has failed to exhaust remedies afforded by the constitution and bylaws of the union, has failed to plead a contract enforcible in equity or to plead facts constituting fraud that would give equity jurisdiction on that ground, has an adequate remedy at law, and is guilty of laches.

From the bill it appears that Helen Madera, plaintiff, entered the employ of the Monongahela Railway Company, the defendant carrier, at its freight station at Brownsville, Pa., on September 24, 1917, as a clerk, and there worked in that capacity continuously until August 1, 1931, when, on account of slackness of work, she was furloughed; that at the time of her furlough she had become entitled to certain seniority rights as

of September 24, 1917, including the right to be called back to work and to be promoted in preference to others of a shorter length of continuous service though of equal ability and fitness, and, meanwhile, in preference to such others, to bid for and be assigned to new bulletined positions or vacancies without prejudice to her right to return to her former position; that her seniority rights had been established by the terms of an individual contract of employment at the beginning of her service, and had been confirmed by a collective bargaining contract between the company and a former union of its employes commonly known as a "company union" made on February 21, 1922, pursuant to which the company had, on May 17, 1922, published under date of May 1, 1922, a "seniority list of clerks, other officers, store and station employes, and laborers employed in and around stations, storehouses, and warehouses", on which plaintiff's name appears as no. 42 in a list of 144 clerks; that on April 15, 1942, while plaintiff was still on furlough, the company posted notice that applications would be received until April 21, 1942, for the position of typist-clerk at Morgantown, W. Va., which position she applied for and was awarded, entering upon its duties on April 24, 1942; that on May 24, 1942, she was informed by the company that by the terms of an agreement between it and the Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employes, the defendant union, successor to the local company union as bargaining agent, the seniority roster had been revised on April 11, 1934, by dropping therefrom the names of all employes not in active service during the period from January 1, 1933, to January 1, 1934, and she was instructed that if she desired employment she must apply therefor as a new employe; whereupon, upon pain of being discharged from the new position that had been awarded to her as a senior employe, she com-

plied under protest, claiming her seniority rights as of the date of her original entrance into service; that since the date that she was furloughed the company has called back to work a number of persons junior to her on the seniority roster of 1922 and has taken into its service many new employes, and that it continues to refuse her employment in accordance with her contractual status.

Plaintiff alleges that, contrary to the provisions of the Railway Labor Act of May 20, 1926, c. 347, sec. 1, 14 Stat. at L. 577, as amended, 45 U. S. C. §151 et seq., her name was dropped from the seniority roster of the company arbitrarily, without notice to her and without approval by the brotherhood or its local lodge, through a secret arrangement between the company and defendant R. M. Delaney, chairman of the local lodge and an employe junior to her on the seniority roster of 1922, who, with intent to defraud her and others and to obtain unjust preferences for himself and his associates, had falsely pretended to represent and to have authority to agree on behalf of the members of the local lodge to the revision of said roster, and thereby had induced the company to remove the names of plaintiff and 71 others therefrom, with the result that he and 31 other employes junior to her were advanced to positions thereon as to which she is rightfully entitled to priority. The prayer of her bill is that the railway company be required to state an account of the employes junior to her on the seniority roster of 1922 who have been called back since August 1, 1931, and of the wages paid them for doing work to which she was entitled; that the brotherhood and the local lodge and the officers and agents thereof be required to restore her seniority status; and that Delaney and the company be required to pay her the amount of her loss and damage.

Thus it is to be seen that, as against Delaney and the brotherhood, plaintiff pleads a cause of action for

interference with her right of employment by the company fixed by the terms of her individual contract, inducing breach thereof. Obviously the controversy is not one arising within the brotherhood or under its law. Indeed, it does not appear that she ever was a member of that organization. It is clear, therefore, that she was not in any way bound to resort to its tribunals. Cf. Dooley et al. v. Lehigh Valley R. R. Co. of Pa. et al., 130 N. J. Eq. 75.

Nor do we consider that in suing in equity plaintiff has misconceived her remedy. An action at law would at best afford her a possibility of recovery only to the date of trial, since compensation for her continuing future loss would be impracticable in view of the impossibility of determining how long she would have remained in the employ of the company, what positions would have been open to her, which of them she would have selected, and the wages she would have received had her seniority rights not been violated. To require that she sue periodically as her losses became determinable would be to compel her to defer each action until a sufficient loss had accumulated to make the action financially feasible. This would hardly suffice for a worker without resources but what is earned from week to week and month to month. Moreover, seniority, representing in the highest degree the right to work, is a property right as valuable as any other form of property, and as much entitled, irrespective of fraud, to the protection of a court of equity. See Dorrington et al. v. Manning et al., 135 Pa. Superior Ct. 194.

As we read the bill it seems evident that the cardinal issue will be whether plaintiff's seniority under the terms of her individual contract of employment was annulled by a subsequent collective bargaining contract lawfully entered into between the company and the brotherhood. That her contract was in all respects, including seniority, subject to discharge in the interest

of the union membership as a whole, we do not doubt. See J. I. Case Co. v. National Labor Relations Board, 321 U. S. 332, 88 L. ed. 489; Switchmen's Union of North America et al. v. National Mediation Board et al., 135 F. (2d) 785; Collective Bargaining Agreements, The Seniority Clause, 41 Columbia L. Rev. 304, 316; note, 41 Michigan L. Rev. 343. Procedurally, however, the subsequent collective bargaining contract will have to be substantiated by defendants. The allegations of plaintiff that Delaney lacked authority from the union to make such contract on its behalf and acted arbitrarily and in bad faith raised questions of its validity that cannot be determined on preliminary objections to the bill.

Finally, no conclusion can be reached on the question of laches without more knowledge of the facts. While it is true that if plaintiff's individual bargain with the company was not superseded a breach may have occurred soon after April 11, 1934, plaintiff gives us to understand that her seniority status as a furloughed employe was recognized by the company as late as April 21, 1942, when she was awarded the bulletined position of typist-clerk at Morgantown, and that knowledge of the purported contract annulling her seniority rights was withheld from her by defendants until May 24, 1942. Only upon consideration of all the pertinent facts and circumstances as they are developed at trial can we satisfactorily determine whether she has unreasonably delayed the institution of her suit.

For these reasons we conclude that the preliminary objections should be dismissed.

## Decree

And now, November 29, 1944, upon consideration of the foregoing case, it is ordered, adjudged, and decreed as follows:

1. The preliminary objections to the bill are dismissed.

2. Defendants shall answer to the merits within 30 days, under penalty of having the bill taken pro confesso.